**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Bonnie Doggett, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 5223 |
| | ) | |
| Independence Receivables Corporation, | ) | |
| a Maryland corporation, Accounts | ) | |
| Receivable Management, Inc., a New | ) | |
| Jersey corporation, and Allied | ) | |
| Interstate, Inc., a Minnesota corporation, | ) | |
| | ) | |
|    Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Bonnie Doggett, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) most of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Bonnie Doggett ("Doggett"), is a citizen of the State of Alabama, from whom Defendants attempted to collect a delinquent consumer debt owed for a Household Bank credit card, despite the fact that she was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Independence Receivables Corporation ("Independence"), is a Maryland corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Independence operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.      Defendant Independence is a debt scavenger, which specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendants Account Receivable Management, Inc. and Allied Interstate, Inc..

6.      Defendant Independence is licensed to conduct business in Illinois and maintains a registered agent here, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>A</u>.  In fact, Independence conducts business in Illinois.

7.      Moreover, Defendant Independence is licensed as a collection agency in Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>.  In fact, Defendant Independence acts as a debt collector in Illinois.

8.      Defendant, Accounts Receivable Management, Inc. ("ARM"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  ARM collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

9.      Defendant ARM is licensed to conduct business in Illinois and maintains a registered agent here, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>C</u>.  In fact, ARM conducts business in Illinois.

10.     Moreover, Defendant ARM is licensed as a collection agency in Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>D</u>. In fact, Defendant ARM acts as a debt collector in Illinois.

11.     Defendant, Allied Interstate, Inc. ("Allied"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Allied collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

12.     Defendant Allied is licensed to conduct business in Illinois and maintains a registered agent here, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>E</u>.  In fact, Allied conducts business in Illinois.

13.     Moreover, Defendant Allied is licensed as a collection agency in Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>F</u>. In fact, Defendant Allied acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

14.     Ms. Doggett is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for a Household Bank credit card.  At some point in time after that debt became delinquent, it was bought by Defendant Independence, and when it began trying to collect this debt from Ms. Doggett, she sought the assistance of the legal aid attorneys at the Chicago Legal

Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

15.     Specifically, Defendant Independence hired another debt collector, FMS, Inc. to demand payment of the Household debt from Ms. Doggett.  Accordingly, on September 10, 2008, one of Ms. Doggett's attorneys at LASPD informed Defendant Independence, through its agent, FMS, that Ms. Doggett was represented by counsel, and directed Independence to cease contacting her, and to cease all further collection activities because Ms. Doggett was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit G.

16.     Nonetheless, despite being advised that Ms. Doggett was represented by counsel and refused to pay the debt, Defendant Independence hired another debt collector, attorney of Thomas Landis ("Landis"), to demand payment from Ms. Doggett of the Household debt.  Accordingly, her attorneys at LASPD informed Defendant Independence, through its agent, Landis, via a letter dated February 5, 2009, that Ms. Doggett was represented by counsel, and directed Defendant Independence to cease collections and cease communications.  Copies of this letter and fax confirmation are attached as Exhibit H.

17.     Nonetheless, despite being advised that Ms. Doggett was represented by counsel and refused to pay the debt, Defendant Independence hired Defendant ARM to demand payment from Ms. Doggett of the Household debt.  When ARM sent Ms. Doggett a collection letter dated December 14, 2009, attached as Exhibit I, her attorneys at LASPD informed Defendants, via a letter, dated January 10, 2010, that Ms.

Doggett was represented by counsel, and directed Defendants to cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit J.

18.     Undeterred, Defendant Independence then hired Defendant Allied to demand payment of the Household debt. Defendants sent Ms. Doggett a collection letter, dated May 11, 2010, which demanded payment of the Household debt. A copy of this collection letter is attached as Exhibit K.

19.     Accordingly, on July 16, 2010, Ms. Doggett's LASPD attorneys had to send Defendants another letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit L.

20.     All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

21.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And To Cease Collections**

22.     Plaintiff adopts and realleges ¶¶ 1-21.

23.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

24.     Here, the letters from Ms. Doggett's agent, LASPD, told Defendants to

5

cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

25. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

26. Plaintiff adopts and realleges ¶¶ 1-21.

27. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. <u>See</u>, 15 U.S.C. § 1692c(a)(2).

28. Defendants knew, or readily could have known, that Ms. Doggett was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Doggett was represented by counsel, and had directed a cessation of communications with Ms. Doggett. By directly sending Ms. Doggett collection letters, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

29. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable actual and for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

6

## PRAYER FOR RELIEF

Plaintiff, Bonnie Doggett, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Doggett, and against Defendants, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Bonnie Doggett, demands trial by jury.

Bonnie Doggett,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  August 18, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com